LEVY, ET AL. *v.* MONTGOMERY COUNTY, ET AL.

[No. 705, September Term, 1966.]

*Decided January 4, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, McWILLIAMS and SINGLEY, JJ.

*Albert G. Levy,* in proper person, for appellants.

*R. Robert Linowes,* with whom were *Linowes & Blocher,
Robert H. Metz, Covington & Burling* and *Hogan & Hartson*
on the brief, for the Evening Star Broadcasting Company, one
of appellees; *David L. Cahoon, County Attorney,* with whom
was *H. Christopher Malone, Jr., Assistant County Attorney,*
on the brief, for Montgomery County, other appellee.

MARBURY, J., delivered the opinion of the Court.

Feeling aggrieved because of an opinion and order of the Cir-
cuit Court for Montgomery County affirming the County Board
of Appeals, which granted the petition of the Evening Star
Broadcasting Company, Trustee, for a special exception pur-
suant to Montgomery County Code, 1965, Section 111-37, the
appellants Albert G. Levy and others have brought this appeal.
This special exception was requested by the trustee for the
Washington Joint Television Tower Steering Committee whose
membership included the Evening Star Broadcasting Company,
Inc., Metromedia, Inc., National Broadcasting Company, Inc.,
United Broadcasting Company, Inc., the Greater Washington
Educational Television Association, and the Washington Post
Company, for the purpose of permitting this group of broad-
casters to erect and operate a tower and related facilities from
which they could transmit their signals. The applicant claimed
that such a tower would permit stronger and better signals to
be transmitted throughout the Washington metropolitan region
and thereby extend the area of television reception to homes
and schools not now being served. The proposed structures in-
clude a 1219 foot free-standing, self-supporting tower and build-
ings of residential design to house transmitters and related equip-

ment. The hearing on this petition was held on May 12, 1966, and on May 31, 1966, the Board, by a vote of four to one, granted the special exception allowing the proposed construction. An appeal from that action was taken to the Circuit Court for Montgomery County on June 27, 1966, and that court dismissed the appeal by order dated January 11, 1967, on the finding that there was a preponderance of legally sufficient evidence to support the Board's findings on all material questions of law and fact, and this appeal followed.

The site of the proposed construction is a 3.6364 acre parcel of land, located in Joseph's Park subdivision, Silver Spring, Maryland. The property was owned by Lavinia H. Engle, and others, and the applicant had an eighteen months option to purchase, running from November 1, 1965. This property was, at the time of the application, zoned R-60 (one-family, detached residential), as is the surrounding neighborhood. It is situated adjacent to the Capital Beltway, the right-of-way of which forms one of its boundaries.

The first question presented by the appellants is "Whether the record below was so incomplete and inaccurate, so misleading and so opposed to actual past and continuing recent and current fact and experience as to have caused the County Board of Appeals for Montgomery County to reach an erroneous decision * * *." While the appellants argue that the applicant failed to present evidence sufficient for the Board to make the findings it did, they do not point to any insufficiencies of the evidence in the record but rather point out incidents and events that occurred subsequent to the hearing before the Board and therefore could not be in the record, and also deficiencies in the record that should have been supplied by the appellants themselves. Upon an examination of the facts asserted by the appellants we find that they either occurred after the record before the Board had been made, were available to the appellants at the time of the hearing before the Board, were immaterial or inadmissible, or merely cumulative of evidence already made part of the record.

At the hearing before the Board the applicant presented thirty-five written exhibits and the testimony of twelve witnesses, in-

cluding several experts. The protestants presented nine written exhibits and the testimony of five witnesses. Contrary to the appellants' claim that the tower might be structurally unsafe, one of their own witnesses, a structural engineer, stated "I have no qualms about the structural design of this particular tower. I want to make that very clear. My regard for safety and hazard in the area does not happen to be related to my profession as a structural engineer." On the basis of these exhibits and the testimony of the witnesses appearing before it, the Board found that the proposed buildings and structure at the selected location are necessary for public convenience and service; that they will not endanger the health and safety of the workers and residents of the community; that they will not substantially impair or prove detrimental to neighboring properties; that they will not adversely affect the general plan as embodied in the zoning ordinance and in the Kensington-Wheaton Master Plan; and that they will not be detrimental to the use and development of adjacent properties or the general neighborhood. In the opinions of the Board and the court below these findings and conclusions were "supported by the overwhelming evidence and testimony of record * * *."

A review of the record indicates to us that the Board had before it sufficient evidence to support its conclusion.

We therefore hold that the Circuit Court for Montgomery County was correct in sustaining the action of the Board in granting the special exception for the construction of a tower for the transmission of television signals and that the appellants have presented no basis for their suggestion that the case be remanded for further proceedings. See Maryland Rule 871.

*Order affirmed, appellants to pay the costs.*